IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case Number:_____-CV-_____

**ANDRES GOMEZ,**

    **Plaintiff**

**V.**

**HEALTHCARE REALTY TRUST INCORPORATED.**

    **Defendant**

_____/

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff, ANDRES GOMEZ ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant HEALTHCARE REALTY TRUST INCORPORATED. (hereinafter "Defendant") for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181, *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"), and allege as follows:

**JURISDICTION**

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. §12181, *et seq.*, based upon Defendants' failure to remove physical barriers to access and violations of Title III of the ADA (<u>see also,</u> 28 U.S.C. §§2201 and 2201).

2. This is an action for injunctive relief.

3. Venue is proper in this federal district as all acts complained of occurred in Miami Dade County, Florida.

**PARTIES**

4.  Plaintiff, Andres Gomez is a resident of the State of Florida and this judicial district, is *sui juris*, is disabled as defined by the ADA, is legally blind, and therefore is substantially limited in performing one or more major life activities, including but not limited to accurately visualizing his world.

5.  Plaintiff uses the term "blind" or "blind person" to refer to persons with visual impairments who meet the legal definition of blindness in that they have a visual acuity with correction of less than or equal to 20 x 200. Some blind people who meet this definition have limited vision, whereas others have no vision.

6.  Plaintiff's access to the building located at 2601 SW 37th Ave. Miami, FL ("the Facility and Property") and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of these disabilities, and will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and correct the ADA violations which exist at the Facility, including those set forth in this Complaint.

7.  In July of 2022, Plaintiff visited the Facility and Property as a customer and travels frequently in the area in which the subject property is located in. Independent of his own desire to make use of the facilities at issue, Plaintiff also acts as and visited this premises in the capacity of a tester for the purposes of investigating and uncovering violations of the Americans with Disabilities Act.

8.  Plaintiff intends to visit the Facility and Property within six months, or sooner, to purchase goods or obtain services as soon as the Facility and Property are

accessible again.

9. In this instance, Plaintiff travelled to the Facility and Property as a customer, encountered the barriers to access at the Facility and Property detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and Defendant's ADA violations discussed below.

10. Moreover, Plaintiff attempted to access the public place of business on the second floor of the property but was unable to safely do so as a result of the ADA violations on the subject property.

11. Defendant transacts business in the State of Florida and within this judicial district. Defendant is the owner and/or operator of the real property and improvements which the Facility is situated in and is the subject of this action. (referred in this Complaint as the "Property")

## FACTUAL ALLEGATIONS AND CLAIM

12. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. §12101, *et seq*.

13. Congress found, among other things, that:

   (i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

   (ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

   (iii) discrimination against individuals with disabilities persists in such

     critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

 (iv) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

 (v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

42 U.S.C. §12101(a)(1) - (3), (5) and (9).

14. Congress explicitly stated that the purpose of the ADA was to:

 (i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

 (ii) provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

 (iv) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

15. The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of

$500,000 or less. 42 U.S.C. § 12181; 28

C.F.R. §36.508(a)

16. The Facility is a public accommodation and service establishment. The Property is a public accommodation and service establishment. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of Attorney General, promulgated federal regulations to implement the requirements of the ADA. 29 C.F.R. Part 36.

17. Public accommodations were required to conform to these regulations by January 26, 1992 (or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. §1281, *et seq*., and 28 C.F.R. §36.508(a).

18. Section 302(a) of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 2101 *et seq.* provides, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases or operates a public accommodation."

19. Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity.

20. Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities,

privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals.

21. Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also includes, among other things: a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations.

22. Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also includes, among other things: a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden.

23. The Facility must be, but is not, in compliance with the ADA and ADAAG. The Property must be, but is not, in compliance with the ADA and ADAAG.

24. Plaintiff has attempted to and has, to the extent possible, accessed the Facility and the Property in his capacity as a customer of the Facility and Property, but could not fully do so because of his disabilities due to the barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit his access to the Facility and Property and/or the goods, services,

facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

25. Plaintiff intends to visit the Facility and Property again in the very near future as a customer in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Facility, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit his access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

26. Defendant has discriminated against Plaintiff and others with disabilities, by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and Property, as prohibited by, and by failing to remove architectural barriers as required by 42 U.S.C. §12182(b)(2)(A)(iv), failing to provide auxiliary aids, making reasonable accommodations and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers and ADA violations that exist at the Facility and Property, including those specifically set forth herein, and make the Facility and Property accessible to and usable by persons with disabilities, including Plaintiff.

27. Defendant has discriminated against Plaintiff by failing to comply with the above requirements. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed

and preclude and/or limit Plaintiff's ability (because of his disability) to access the Facility and Property and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and Property, include:

a. The Elevator located on the Property lacks raised character and braille floor designations. As such, Defendant is in violation of section 407.4.7.1.2 of the 2010 ADAAG standards.

b. The elevator on the Property lacks the correct and required audible signals in violation of section 407.2.2.3 of the 2010 ADAAG standards.

c. The jamb of the elevator hoist way entrance on the Property lacks a floor designation sign that is in compliance with section 407.2.3.1 of the 2010 ADAAG standards.

d. Defendant fails to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

28. The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility and Property. Plaintiff requires an inspection of Facility and Property in order to determine all of the discriminatory acts violating the ADA.

29. All of the above violations are readily achievable to modify in order to bring the Facility/Property into compliance with the ADA.

30. The removal of the physical barriers and dangerous conditions present at the Facility is readily achievable because the nature and cost of the modifications are

relatively low and the Defendant has the financial resources to make the necessary modifications.

31. Upon information and belief, the Property has been altered since 2010.

32. In instances where the 2010 ADAAG standard does not apply, the 1991 ADAAG standard applies and all of the violations listed in paragraph 27 can be applied to the 1991 ADAAG standards.

33. Plaintiff has attempted to gain access to the Facility and Property in his capacity as a customer, but because of his disability has been denied access to, and has been denied the benefits of services, programs and activities of the Facility and Property, and has otherwise been discriminated against and damaged by Defendant, because of the physical barriers, dangerous conditions and ADA violations set forth above, and expect to be discriminated against in the near future by Defendant because of Plaintiff's disabilities, unless and until Defendant is compelled to remove the unlawful barriers and conditions and comply with the ADA.

34. The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense.  42 U.S.C. §12182(b)(2)(A)(iv); 42 U.S.C. §12181(9); 28 C.F.R.  §36.304.

35. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm  unless  and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility and Property, including those set forth herein. The relief requested serves the public interest and the benefit to Plaintiff

and the public far outweigh any detriment to Defendant.

36. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action, and has agreed to pay the undersigned counsel reasonable attorney's fees, costs, and expenses from Defendant pursuant to 42 U.S.C. § § 12205 and 12117.

37. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including an order to alter the subject Facility and Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for:

a. A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Title III of the ADA as described above, and the relevant implementing regulations of the ADA, in that Defendant took no action that was reasonably calculated to ensure that its Property is fully accessible to, and independently usable by, blind individuals;

b. A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504 (a) which directs Defendant to take all steps necessary to bring the Property into full compliance with the requirements set forth in the ADA, and implementing regulations, so that the Property is fully accessible to, and independently usable by, blind individuals, and which further directs that the Court shall retain jurisdiction for a period to be determined to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law;

c. Payment of costs of suit;

d. Payment of reasonable attorneys' fees, pursuant to 42 U.S.C. § 12205 and 28 CFR § 36.505; and,

e. The provision of whatever other relief the Court deems just, equitable and appropriate.

Respectfully Submitted,
*/s/ Alberto R. Leal*
Alberto R. Leal, Esq., P.A.
Florida Bar No.: 1002345
8927 Hypoluxo Rd. #157
Lake Worth, FL 33463

Phone: 954-637-1868
E-Mail: albertolealesq@gmail.com